ROBERT FINDLAY, plaintiff in error, vs. WILLIAM B. PARKER, defendant in error.

After the evidence was closed, the Court told the jury, that a certain part of it was insufficient to support the plea. That part was sufficient to support the plea; but its effect was annulled by another part. No motion was made for a new trial.

*Held,* That for such an error, a new trial ought not to be granted by this Court.

Complaint, from Bibb Superior Court. Tried before Judge POWERS, at May Term, 1857.

William B. Parker brought suit against Robert Findlay as endorser on two promissory notes made by V. D. Tharp and George Wilcox, payable to the order of Findlay, and by him endorsed to plaintiff.

The defence was, that Findlay being *endorser*, notified Parker to sue on the notes, which he failed to do for more than three months after receiving said notice, whereby defendant was discharged.

Plaintiff's attorney read the declaration and notes, and closed.

Defendant proved that he sent to, and had served upon plaintiff, on the day of the date thereof, the following written notice, viz :

"MACON, April 4, 1856.

*Col. W. B. Parker.*

Dear Sir :—In consequence of the absence of my foreman, I will not be down town this evening, but would say, loose no time in suing George Wilcox, as there is but little time before return day, and oblige,

Yours respectfully,

ROBERT FINDLAY."

He further proved that Parker, at the time said notice was served, had the notes sued on, and no others upon which defendant was bound.

Plaintiff in reply proved that Wilcox died on or about the 4th June, 1856, and within three months from the 4th April, 1856.

Counsel for plaintiff demurred to the sufficiency of the notice given by defendant to plaintiff. The Court sustained the demurrer, and instructed the jury to find for the plaintiff. To which ruling and charge defendant excepted.

The jury found for the plaintiff $1,666 55, besides interest and cost.

Whereupon, defendant tenders his bill of exceptions, &c.

STUBBS & HILL, for plaintiff in error.

LANIER & ANDERSON, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

The bill of exceptions says this: "The plaintiff's counsel then demurred to the sufficiency of the notice." "After argument the Court sustained the demurrer, and ruled that the

notice to sue was insufficient and directed the jury to find for the plaintiff."

This, we suppose, means, that the Court, at the request of the plaintiff's counsel, told the *jury*, that the notice was insufficient; for the notice, as well as all the other evidence, was before the jury. The evidence had been closed.

We think, that the notice was sufficient. "Loose no time," is a command.

But still, we think, that a new trial ought not to be granted. The other evidence was sufficient to annul the effect of this —that is the effect of the notice. The other evidence showed, that the principal died within the term allowed to the holder to sue such principal in. 3 *Kelly*, 527.

There was no motion for a new trial, so the case does not fall within the new trial Act of 1854.

Judgment affirmed.